TRUEBA ET AL., PLAINTIFFS AND APPELLANTS, *v.* ROSALES & CO. ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the First District Court of San Juan in an Action of Debt.

No. 3149.—Decided February 27, 1925.

MORTGAGE—ACTION OF DEBT—PERSONAL ACTION—SUBMISSION—JURISDICTION.—
  The complaint in this ordinary action against the present owners of a property whose former owner mortgaged it seeks to recover the amount of a loan, and although it is alleged that the debt is secured by a mortgage, the prayer is only for judgment against the defendants for the amount of the loan and interest. *Held:* That the action is a personal one and that as the defendants did not move for a change of venue, they submitted to the jurisdiction of the district court in which they filed a demurrer.

ID.—ID.—LIMITATION.—It being alleged in the complaint that the obligation would be actionable five months after demand upon the debtor and it not being alleged that such demand had been made, but it being alleged that the interest for the two years prior thereto had not been paid, which was another reason why the obligation became actionable, inasmuch as the fifteen years fixed by section 1865 of the Civil Code as the limitation period for personal actions not specially barred have not elapsed, the action of debt is not barred by limitation.

ID.—ID.—PLEADING.—When the purchaser or innocent possessor of a mortgaged property does not assume the payment of the mortgage, for which he is liable only because of his acquisition of the property, his liability extends only as far as the proceeds of the judicial sale in execution of the judgment, and any part of the amount of the mortgage which may not be covered thereby can not be collected out of his own property; for which reason a complaint which does not allege that the defendant purchasers of the mortgaged property assumed the payment of the mortgage or retained a part of the purchase price for its payment, or that their liability was limited to the proceeds of the sale, does not state facts sufficient to constitute a

cause of action against them to recover the amount secured by the mortgage, especially when it is not even prayed that the property be sold for the payment of the debt, a necessary element although the party may elect the ordinary action of debt.

The facts are stated in the opinion.

*Mr. M. Tous Soto* for the appellants.

*Messrs. C. Coll Cuchí, G. Cruzado Silva, F. Soto Gras* and *R. Díaz Collazo* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In 1923, thirty-seven years after the owner of a certain property had borrowed an amount of money at interest at one per cent monthly, the heirs of the assignee of this credit brought the ordinary action in which this appeal was raised, alleging that the former owner of the property, which is situated in Carolina, created a mortgage on it to secure the payment of the said loan; that the mortgage was recorded and had not been canceled; that the defendants are the present owners of the three parcels into which the mortgaged property had been divided; that the defendants had not paid any part of the said debt nor the interest accrued during the last two years, and that in the mortgage deed it was agreed that the mortgage could be foreclosed and the debt would be actionable five months after demand for payment of the principal, or on failure to pay the interest for five months. On these allegations it was prayed that the court give judgment against the defendants jointly and severally for the sum lent to the former owner of the property, with interest for the last two years and such interest as might accrue until payment.

One of the defendants pleaded generally that the complaint did not state facts sufficient to constitute a cause of action, and in behalf of another defendant his vendor appeared as warrantor and filed a general demurrer on the following grounds: That the court had no jurisdiction of the subject-matter because the action was a real action for

foreclosure which came under the Second District Court of San Juan within whose jurisdiction the mortgaged property was situated; that as it was not alleged that the defendants expressly agreed to answer personally for the obligation secured by the mortgage, they can not be sued personally or severally for its payment, and that the action was barred by limitation under section 1865 of the Civil Code and article 134 of the Mortgage Law, or, in any event, if a personal action, it is barred under said section 1865. The court below held that it had jurisdiction of the subject-matter by the submission of the defendants and that the action was not barred; but it sustained the demurrer on the ground that the plaintiffs could not recover from the defendants in a personal action the amount of the mortgage on the sole allegation that the defendants were the present owners of the property, and rendered judgment dismissing the complaint. Thereafter the plaintiffs presented an amended complaint containing substantially the same allegations as the original, but prayed therein that the court adjudge that the defendants were bound to pay the mortgage with interest for the last two years up to the value of the properties and order the sale of the three parcels for the purpose of paying with the proceeds the interest accrued on the said mortgage for the two years prior to the filing of the original complaint and also the principal, if sufficient. They also made a motion that the court exempt them from the effects of the judgment rendered and allow them to file that pleading, but the court overruled the motion. These appeals were taken from that order and from the judgment.

Although as a rule the prayer of a complaint is not of great importance, still it may serve at times to show the purpose or end pursued by the plaintiff, as was said in *Neumann* v. *Trujillo et al.*, 24 P.R.R. 284; and considering in this case the allegations and the prayer of the complaint, we may conclude that the action was a personal one, for al-

though it is alleged that the debt was secured by a mortgage, the prayer is only that the defendants be adjudged to pay the amount of the loan with interest. Hence, the action set up in the original complaint being a personal action, the lower court had jurisdiction of it in accordance with section 81 of the Code of Civil Procedure, inasmuch as the defendants did not move for a change of venue.

The demurrer on the ground that the action was barred by limitation was not well taken, because, according to section 1870 of the Civil Code, the time for the prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the day on which they could have been brought, and it being alleged in the complaint that the obligation would be actionable five months after demand for payment, which is not alleged to have been made, and it being alleged that the interest for two years prior to the filing of the complaint had not been paid, another reason why the obligation became actionable, since the fifteen years fixed by section 1865 of the Civil Code as the limitation period for personal actions not specially barred had not elapsed, the action of debt was not barred by limitation.

We need consider now only whether the allegations of the complaint are sufficient to support a judgment against the defendants jointly and severally for the amount of the loan made to the previous owner of the mortgaged property which is now divided into three parcels belonging to the defendants.

In the case of *Successors of Hilario Santos* v. *Morán*, 32 P.R.R. 55, wherein the action was to recover the principal of a loan secured by a mortgage and was brought against the purchaser of the mortgaged property, we said that we had some doubts in favor of the defendant's allegation that the holder of a mortgage credit has no personal action against the purchaser of the mortgaged property,

and that perhaps there may be cases in which the purchaser of a property could not be placed in the shoes of the debtor; but that in the case under consideration the complaint set up the fact that the purchaser assumed the mortgage as a part of the purchase price and in such a case the liability of the purchaser is personal. In speaking, however, in that case about a personal action we referred naturally to the extent of the liability of the purchaser of the mortgaged property, and now we may add that when the purchaser or innocent possessor of a mortgaged property does not assume the payment of the mortgage, for which he is liable only because of the mere acquisition of the property, his liability extends only to the amount of the proceeds of the sale in execution of the judgment, and no part of the amount of the mortgage which may not be covered can be collected out of his own property. This is so because a judgment in an action of debt for the payment of a certain amount may be executed against all of the properties of the judgment debtor until the whole amount is covered, for which reason in cases like the present if the proceeds of the mortgaged property did not cover the amount of the judgment, other properties of his might be sold even though he had not contracted the original obligation or agreed with the creditor to assume the same, thus having to pay the deficit resulting after the sale of the property. Therefore, as the complaint did not allege that the defendant purchasers of the mortgaged property assumed the payment of the mortgage or retained such part of the purchase price as was necessary to pay it, or that their liability was limited to the proceeds of the sale, it does not state facts sufficient to constitute the cause of action set up against them to recover the amount secured by the mortgage, especially as it was not prayed that the property be sold for the payment of the debt, a necessary element although the party may elect the ordinary action of debt.

With respect to the other appeal, we can not hold that the trial court erred in refusing to admit an amended complaint which varied the action set up in the original complaint.

The judgment and order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.